IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO:

TERRY MULKINS,

      Plaintiff,

vs.

BJ'S WHOLESALE CLUB, INC. and
BRENDAN BLAIS,

      Defendant.

_____ /

## COMPLAINT

COMES NOW, Plaintiff, **TERRY MULKINS**, by and through the undersigned attorneys and sues the Defendants, **BJ'S WHOLESALE CLUB, INC. and BRENDAN BLAIS,** and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Louisville, Jefferson County, Kentucky.

3. At all times material to this action, Defendant, BJ'S WHOLESALE CLUB, INC. is/was a Foreign Corporation licensed to do business in the State of Florida, and specifically in Osceola County, Florida.

4. Defendant, BRENDAN BLAIS, is a natural person residing in Osceola County, Florida.

5. At all times material hereto, Defendant, BJ'S WHOLESALE CLUB, INC. was the owner and in possession of a certain business located at 1100 W. Osceola Parkway, Kissimmee, Osceola County, FL 34741, said business being that of a warehouse club store, open to the general public, including the Plaintiff herein.

6. At all times material hereto, Defendant, BRENDAN BLAIS, was employed by Defendant, BJ'S WHOLESALE CLUB, INC., and acting in the course and scope of his employment as Store Manager of the subject store.

7. On or about April 15, 2019, Plaintiff, TERRY MULKINS, visited BJ'S WHOLESALE CLUB, INC.'s premises located at the above address as a business invitee.

8. At said time and place, Plaintiff, TERRY MULKINS, was a guest at BJ'S WHOLESALE CLUB, INC. as described above lawfully upon the premises of the Defendant.

9. At said time and place, while Plaintiff was visiting Defendant, BJ'S WHOLESALE CLUB, INC.'s premises located at the above address, he slipped, fell and hit his head on an ice bag freezer due to a dangerous condition, specifically a liquid substance on the floor.

## COUNT I
## NEGLIGENCE CLAIM AGAINST BJ'S WHOLESALE CLUB, INC.

Plaintiff reiterates and re-alleges paragraphs 1 through 9 above, as if fully set forth herein.

10. At all times material hereto, Defendant, BJ'S WHOLESALE CLUB, INC. owed Plaintiff, TERRY MULKINS, a duty to maintain the premises in a reasonably safe condition and to correct any dangerous condition about which it either knew or should have known by the use of reasonable care to avoid injuries to its customers, including Plaintiff.

11. Further, Defendant, BJ'S WHOLESALE CLUB, INC., owed Plaintiff a duty to warn of any latent conditions about which it had, or should have had, knowledge greater than Plaintiff and which created an unreasonable risk of harm to Plaintiff.

12. At said time and place, Defendant breached its duty owed to Plaintiff, as a business invitee, by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the liquid on the floor constituted a slip hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   c) Negligently failing to warn or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   d) Negligently failing to correct and/or maintain and/or repair and/or adequately correct and/or maintain and/or repair the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

    e)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

    f)    Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

    g)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

    h)    Negligently failing to act reasonably under the circumstances;

    i)    Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

    j)    Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

    k)    Negligently failing to render aid to the Plaintiff after his fall and/or negligently rendering aid to the Plaintiff after his fall.

13. At all times material to the subject incident, Defendant, BJ'S WHOLESALE CLUB, INC., had actual knowledge of the dangerous condition created by the liquid substance on the floor, and failed to take action to remedy it.

14. At all times material to the subject incident, Defendant, BJ'S WHOLESALE CLUB, INC., had constructive knowledge of the dangerous condition created by the liquid substance on the floor because the dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition, and/or the condition occurred with regularity and was therefore foreseeable.

15. As a direct and proximate result of the negligence of Defendant, BJ'S WHOLESALE CLUB, INC., Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, permanent and significant scarring, inconvenience, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the

ability to earn money, aggravation of a previously existing condition and loss of the ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiff, **TERRY MULKINS**, sues the Defendant, **BJ'S WHOLESALE CLUB, INC.,** for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and other such relief deemed proper by the Court. Plaintiff, TERRY MULKINS, also demands trial by jury on all issues so triable.

<u>**COUNT II**</u>
<u>**NEGLIGENCE CLAIM AGAINST BRENDAN BLAIS**</u>

Plaintiff reiterates and re-alleges paragraphs 1 through 9 above, as if fully set forth herein.

16. At said time and place, Defendant, BRENDAN BLAIS, as the store manager of the subject warehouse club store, owed the Plaintiff the duty to exercise reasonable care for the safety of Plaintiff.

17. At said time and place, Defendant, BRENDAN BLAIS, owed a duty of reasonable care to his customers, including Plaintiff, to provide a reasonably safe environment, to inspect and maintain this environment, and to request and authorize repairs to this environment, such that his customers would be protected from reasonably foreseeable injuries. Furthermore, Plaintiff alleges that he breached these duties by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b) Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the liquid on the floor constituted

a slip hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to warn or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or maintain and/or repair and/or adequately correct and/or maintain and/or repair the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

k) Negligently failing to render aid to the Plaintiff after his fall and/or negligently rendering aid to the Plaintiff after his fall.

18. At all times material to the subject incident, Defendant, BRENDAN BLAIS, had actual knowledge of the dangerous condition created by the liquid substance on the floor, and failed to take action to remedy it.

19. At all times material to the subject incident, Defendant, BRENDAN BLAIS, had constructive knowledge of the dangerous condition created by the liquid substance on the floor because the dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition, and/or the condition occurred with regularity and was therefore foreseeable.

20. As a direct and proximate result of the negligence of Defendant, BRENDAN BLAIS, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, permanent and significant scarring, inconvenience, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, aggravation of a previously existing condition and loss of the ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiff, **TERRY MULKINS**, sues the Defendant, **BRENDAN BLAIS**, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and other such relief deemed proper by the Court. Plaintiff, TERRY MULKINS, also demands trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on __7/15/2020__, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same has been furnished by Process Server to the Defendant addressed.

/s/ *Michael C. Woodard*
Michael C. Woodard, Esquire
FBN 100089
Morgan & Morgan, P.A.
20 N. Orange Avenue

Suite 1600
Orlando, FL 32801
Telephone:    (407) 420-1414
Facsimile:    (407) 452-1630
Primary email: mwoodard@forthepeople.com
Secondary email: mjferguson@forthepeople.com;
cpugh@forthepeople
Attorneys for Plaintiff